UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Hartford)

---

THE CADLE COMPANY,     :   CIVIL ACTION NO.
    Plaintiff              :   3:02-CV-30 (TPS)
                           :
v.                     :
                           :
DOUGLAS WHITE and      :
ROSALIE A. WHITE,      :
    Defendants             :
---                    :   NOVEMBER 30, 2005

### MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO PRECLUDE

The plaintiff hereby submits its memorandum of law in opposition to defendants' motion to preclude dated November 28, 2005. For the reasons set forth herein, the motion is not well taken.

The defendants seek to preclude, on relevancy grounds, the introduction of evidence relating directly to facts to which they have stipulated for the trial of the merits. In particular, Stipulated Facts paragraphs 15-18 (set forth in the joint trial memorandum), relate directly to all four of the subject matters listed in the motion to preclude.

The subject matter of the motion to preclude, being four itemized matters, involve, respectively, the business and financial circumstances of the transferor and the use and

417176

disposition of property by the defendants. These matters all paint of picture of the defendants' lives from which a motive, or intent, on the part of the defendant-transferor can be inferred when evaluating the challenged transfers under the intent to defraud count. The defendant-transferor's life cannot be limited to a mere snapshot in time when it comes to discerning, and determining, the motive or intent with which said defendant acted with respect to the commission check transfers at issue in this suit. The plaintiff is entitled to demonstrate to the court the circumstances that played a role in shaping the defendants' pattern of behavior, and/or their decision-making, when dealing with assets and income. Such is the nature of the "badges of fraud" by which motive and fraudulent intent are proven to a court. See, Connecticut General Statutes Section 52-552e, and which reads as follows:

> In determining actual intent under subdivision (1) of subsection (a) of this section, consideration may be given, among other factors, to whether: (1) The transfer or obligation was to an insider, (2) the debtor retained possession or control of the property transferred after the transfer, (3) the transfer or obligation was disclosed or concealed, (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit, (5) the transfer was of substantially all the debtor's assets, (6) the debtor absconded, (7) the debtor removed or concealed assets, (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred, (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred, (10) the transfer occurred shortly before or shortly after a substantial debt was incurred, and (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

417176

Thus, the plaintiff is entitled to show that the defendant-transferor embarked upon a business enterprise where he had substantial exposure to liability for the debts of the enterprise, that after starting the business, when he relocated his family to Connecticut, unlike with prior homes where title was held jointly, title to the new home was placed in Lee White's name alone, although his income substantially supported the mortgage debt. Plaintiff is further entitled to show that business failure, the subsequent decision to sell the house to a family trust, the prompt, post-sale listing of the property for $80,000.00 more than the price for which it sold to the trust, the entry into a contract for the sale of the property at $60,000.00 more than for what the trust acquired the property (although a contingency in said contract was not satisfied), the circumstances under which the defendants resided in said property for five years after the sale to the trust, the sale and relocation of the defendants to another home titled in the name of the trust, the circumstances under which they live there, and the defendants' insuring of that home (the building and contents) in their names.

These pieces of evidence are all pixels that together form a picture, which may cause one to look at the challenged transactions through a different lens – one that focuses on how the defendants have lived their lives. Indeed, the professed purchase of the 35 foot sailboat ostensibly by Lee White's then 91 year old mother, using monies in the disputed bank account, which purchase was physically done by Doug White (who even signed his name on Lee White's

417176

check for the survey of the boat, so signing as the drawer of the check despite no signing authority with the bank), is yet another example of unconventional conduct that collectively weigh on one's mind when striving to discern a motive for the commission check transfers. The court may ultimately conclude that cumulatively the evidence is not enough to find intentionally fraudulent conduct, such is an issue of fact, but the plaintiff is entitled show the foregoing to the court for it to weigh and consider the defendant-transferor's motives.

WHEREFORE, the motion to preclude should be denied.

PLAINTIFF,
THE CADLE COMPANY

By _____
Paul N. Gilmore, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
Telephone Number: (860) 548-2600
Federal Bar No.: ct03347

417176

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent via first class U.S. mail, postage prepaid, this 30th day of November, 2004 to:

R. Bradley Wolfe, Esq.
Gordon, Muir & Foley, LLP
10 Columbus Blvd.
Hartford, CT 06106

                                                          Paul N. Gilmore, Esq.
                                                          Updike, Kelly & Spellacy, P.C.

417176