**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**(Hartford)**

---------------------------------------------------:
                                                   :
THE CADLE COMPANY,           :   CIVIL ACTION NO.
    Plaintiff             :   3:02-CV-30 (TPS)
                                                   :
v.                                                 :
                                                   :
DOUGLAS WHITE and            :
ROSALIE A. WHITE,            :
    Defendants           :
---------------------------------------------------:   April 19, 2006

## PLAINTIFF'S MOTION TO AUGMENT REMEDIAL RELIEF PROVISONS OF JUDGMENT

**I.     Introduction.**

    The Plaintiff, The Cadle Company ("Cadle" or "Plaintiff"), hereby moves the Court to augment the remedial relief provisions of the judgment entered in this case on March 21, 2006. In the Bench Trial Ruling dated March 21, 2006, the Court invited the plaintiff to move within thirty days for the inclusion of additional remedial relief provisions in the judgment. This motion is so timely filed.  For the reasons set forth herein, the plaintiff requests the Court to augment the judgment by entering the following remedial relief provisions as a part of the final judgment in this civil action:

432075v2

1. That defendant Douglas White be required to maintain one, and only one, bank account (the "Account") within the State of Connecticut (so long as he maintains residency in this State) into which he shall be required to deposit any and all of his income and/or earnings, whether received as a manufacturer's representative or from any other source, which account shall be maintained in his name individually or jointly with the defendant Rosalie White, but with no other person;

2. That defendant Douglas White be required to disclose to the plaintiff, in writing, the name of the bank at which the Account is kept, the account number for the Account, the name in which the Account is held and the street address of the bank office at which the Account is established;

3. That neither of the defendants shall transfer any monies out of the Account, except for the writing of checks in the payment of ordinary living expenses or for ordinary or extra-ordinary then-present medical needs (collectively, "Expense Checks");

4. That defendant Douglas White must give the plaintiff written notice, by facsimile transmission (to The Cadle Company, referencing account number OE350001, at (800) 860-5367, or at such other facsimile number as the plaintiff may hereafter advise the defendant in writing) of his receipt (and the monetary amount) of each and every commission check, or any other source of earnings or income within, 48 hours

of his receipt thereof (the "Creditor Notice") and he must also deposit his commission checks, and any other sources of earnings or income, into the Account within 48 hours of his receipt thereof;

5. That defendants Douglas White and Rosalie White be prohibited from writing any Expense Checks on the Account until five business days after (a) the sending of each such Creditor Notice (which sending must be documented by a confirmed facsimile transmission, the record of which is to be maintained by defendant Douglas White) and (b) the depositing of each such commission check, and any other sources of earnings or income, into the Account; provided, however, that advance notice shall not be required for the payment of emergency medical services;

6. That defendant Douglas White be prohibited from assigning his right to payment of any receivable now due to him or which may at any time in the future become due to him, and of any other income anticipated to be received by, or otherwise due (or which may hereafter become due) to, him;

7. That defendant Douglas White shall give the plaintiff 30 days advance notice before closing the Account and opening a new Account at another bank within this state (the "New Account"), and, in the event of any such closure of the Account and opening of

a New Account, all provisions of the order set forth herein as to the Account shall apply with equal force and effect to the New Account;

8. That defendant Douglas White shall not establish a bank account in another state (whether it be a domestic or foreign state) for the purpose or use of depositing his income into such account (a "Different State Account"), unless he first terminates his Connecticut residency and establishes permanent residency in such other state (in which event defendant Douglas White shall give the plaintiff 90 days advance written notice of his intent to terminate his Connecticut residency and establish a new permanent residency in such other state); and

9. That in the event of any such termination of Connecticut residency and/or establishment of permanent residence in another state (whether domestic or foreign), all provisions of the order set forth herein as to the Account shall apply with equal force and effect to the Different State Account.

## II.     Authority for Requested Relief.

The remedies provision of the Uniform Fraudulent Transfer Act, Connecticut General Statutes § 52-552h, provides, in pertinent part, as follows:

(a) In an action for relief against a transfer … a creditor … may obtain: … (3) subject to applicable principles of equity and in accordance with applicable

> rules of civil procedure: (A) an injunction against further disposition by the debtor or transferee, or both, of the asset transferred or of other property; … or (C) any other relief the circumstances may require.
>
> (b) If a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court so orders, may levy execution on the asset transferred or its proceeds.

The Uniform Fraudulent Transfer Act is a remedial statute and should be liberally construed. National Loan Investors, L.P. v. Givens, 952 P.2d 1067 (Utah 1998); accord, Executrix of the Estate of Orrin Running v. Widdes, 52 Wisc.2d 254, 259, 190 N.W.2d 169, 172 (1971) (The Uniform Fraudulent Conveyance Act – the predecessor to the UFTA – is "a remedial statute and a liberal construction should be given it to accomplish its purpose of giving speedy relief against a fraudulent debtor.  By the operation of this action, creditors are able to get what is due them despite the efforts of a debtor to elude payment by putting his property … beyond the reach of his creditors.").  Connecticut favors a construction of the UFTA in such a manner as will "effectuate their general purpose to make uniform the law … among states enacting them." Conn. Gen. Stat. § 52-552l.

"Remedial statutes are liberally construed to suppress the evil and advance the remedy." Riggs National Bank of Washington, D.C. v. District of Columbia, 581 A.2d 1229, 1990 D.C. App. LEXIS 265 (1990) (quoting, 3 N. Singer, Sutherland, Statutory Construction § 60.01 at 55 (4th ed. 1986); Cissell v. Johnston, 4 App. D.C. 335, 346 1894 U.S. App. LEXIS 3340 (1894)

("The rule in construing remedial statutes, though it may be in derogation of the common law, is that everything is to be done in the advancement of the remedy that can be done consistently with any fair construction that can be put upon it.").

### III.     Rationale for the Requested Relief.

There are good and cogent reasons why Plaintiff has requested the additional remedy provisions set forth above. Defendant Douglas White is an independent contractor, a sole proprietor who earns commissions from various manufacturing companies for procuring buyers for the sale of their equipment. He is paid on an irregular basis (upon the buyer's payment in full of the contract price for the equipment sold). Thus, he does not receive a regular paycheck. If Douglas White were permitted to have more than one checking account, and to have a checking account outside of the state of Connecticut, he could take action to avoid any effort by the plaintiff to execute upon the judgment. So too, given the irregular nature of his income receipt, if Douglas White were not required to give Plaintiff notice of when he receives a commission check, and if the defendants were not also required to refrain from writing Expense Checks until five business days after giving Plaintiff notice of the receipt of an Expense Check, Douglas White could deposit his commission check and time the payment of his expenses in such a way as to ensure that there most likely would be no monies in the Account when Plaintiff serves a bank execution, and thus be able to effectively frustrate collection of the judgment.

Moreover, if defendant Douglas White were not prevented from assigning his right to receive commission checks and/or other sources of income before he receives it, and if the defendant were not required to deposit the income receipts into the Account and be prohibited from transferring the money out of the Account, except for the Expense Checks (in the manner set forth above), the defendants could frustrate the plaintiff's collection efforts and continue to get away with the fraud they have perpetrated on the Plaintiff.  The proposed additional remedies would close all of those loopholes, yet still permit the defendants to make provision for emergency care and some level of expense payments (i.e., the exemption amount in a bank account provided by Connecticut law).  An adoption of the proposed additional provisions as a part of the final judgment would serve the goal of suppressing the evil and advancing the remedy, and they are all warranted by the circumstances.

Respectfully submitted, this 19th day of April, 2006.

**PLAINTIFF, THE CADLE COMPANY**

By:_____
　　PAUL N. GILMORE, ESQ.
　　Fed. Bar No. ct 03347
　　UPDIKE, KELLY & SPELLACY, P.C.
　　One State Street
　　P.O. Box 231277
　　Hartford, CT 06123-1277
　　Tel.: (860) 548-2600
　　Fax: (860) 548-2680
　　pgilmore@uks.com

**CERTIFICATION OF SERVICE**

    This is to certify that on the 19th day of April, 2006, the undersigned did cause to be sent, via courier, a copy of foregoing to:

R. Bradley Wolfe, Esq.
Gordon, Muir & Foley, LLP
Ten Columbus Blvd.
Hartford, CT 06106

                                                     _____
                                                   PAUL N. GILMORE, ESQ.
                                                   Updike, Kelly & Spellacy, P.C.