UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

THE CADLE COMPANY,
    Plaintiff

v.

DOUGLAS WHITE and
ROSALIE A. WHITE,
    Defendants

CIVIL ACTION NO.
3:02-CV-30 (TPS)

MAY 25, 2006

## DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO AUGMENT REMEDIAL RELIEF PROVISIONS OF JUDGMENT

Defendants Douglas White and Rosalie White object to the overreaching and draconian attempts of the plaintiff to seize and control every penny of potential earnings of the defendant Douglas White. Plaintiff has had the full power of a judgment creditor to identify and reach Mr. White's assets to date. Plaintiff's objective in this case was to obtain that same power over Mrs. White, which objective has been met.

Plaintiff can file interrogatories and conduct examinations of the Whites as to assets and future assets. However, to force the Whites to act as their own collection agents is tantamount to forcing them into involuntary servitude. While on the surface, plaintiff seems willing to allow the Whites to pay for "ordinary living expenses," the fact is that under this proposed order, the

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361    FACSIMILE (860) 525-4849    JURIS NO. 24029

plaintiff can and will take every penny of commission under a bank execution, leaving defendants with no resources to pay those expenses or the income taxes due as a result of the sale.

The UFTA cited by the plaintiff clearly contemplates that there was a transfer of a particular asset, not a stream of payments (which could have been intercepted already). Specifically, a general creditor *is not authorized* to pursue a transferee in a fraudulent conveyance action for *anything other than the specific property transferred or proceeds thereof.* *Derderian v. Derderian*, 3 Conn. App. 522 (1985); *cert denied*, 196 Conn. 810-11. Furthermore, the "circumstances" under Conn. Gen. Stat. § 52-552h(a)(3)(C) do not exist to warrant the extraordinary remedies requested by the plaintiff because the plaintiff has offered no statute, case law and/or other authority wherein any court has granted the extraordinary collection remedies of requests 1, 4, 5, 6, 7, 8 and 9 in its motion to augment the remedial relief provisions of the judgment, especially when the plaintiff failed to offer any evidence that it exercised its collection remedies under Conn. Gen. Stat. §§ 52-279 *et seq.* (attachments); 52-329 *et seq.* (garnishments); 52-350a *et seq.* (post judgment procedures—discovery by judgment creditor (interrogatories); 52-397 (examination of judgment debtors; 52-356b (request for court order for transfer of specific property or documentary evidence of title to specific property); 52-356d (installment payment order); 52-361a (execution on wages); 52-367b (bank executions) and/or made any attempts to domesticate the judgment in other jurisdictions where it could

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361            FACSIMILE (860) 525-4849            JURIS No. 24029

garnish the commission payments cited in the Motion. Finally, there is no asset upon which the plaintiff can execute, since virtually all the funds the Whites have are used for living expenses and medical expenses. This Motion to Augment is unnecessary, inequitable and unworkable. If granted, it will likely destroy the defendants' ability to maintain any form of reasonable existence, especially since interest on the judgment is likely to exceed any income generated by the defendant after taxes. It should be denied as overreaching and inequitable.

DEFENDANTS,
DOUGLAS WHITE AND ROSALIE A. WHITE

By _____
R. Bradley Wolfe
Gordon, Muir and Foley, LLP
10 Columbus Boulevard
Hartford, CT 06106
Telephone Number: (860) 525-5361
Fed. Bar No. ct 04332
rbwolfe@gmf.law.com

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, to the following counsel of record on May 25, 2006:

Paul N. Gilmore, Esquire
Updike, Kelly & Spellacy, PC
One State Street
PO Box 231277
Hartford, CT 06123-1277

_____
R. Bradley Wolfe

::ODMA\PCDOCS\DOCS\418865\2

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361    FACSIMILE (860) 525-4849    JURIS No. 24029