UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Hartford)

| | |
|---|---|
| THE CADLE COMPANY, <br>         Plaintiff <br><br> v. <br><br> DOUGLAS WHITE and <br> ROSALIE A. WHITE, <br>         Defendants | CIVIL ACTION NO. <br> 3:02-CV-30 (TPS) <br><br><br><br> September 19, 2006 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO DEPOSE JUDGMENT DEBTOR

The Cadle Company ("Cadle"), judgment creditor in the above captioned action, respectfully files this brief Memorandum of Law in support of its motion for leave to depose judgment debtor Rosalie A. White.

### BACKGROUND

On March 21, 2006, Cadle obtained a judgment against defendants Douglas White and Rosalie A. White in the amount of $614,691.14 plus post-judgment interest of $88.29 per diem. In aid of this judgment, Cadle issued post-judgment interrogatories upon Mrs. White in accordance with Fed.R.Civ.P. 69 and Section 52-351b of the Connecticut General Statutes (made applicable to this case through Fed.R.Civ.P. 69). Her responses do not disclose sufficient assets to satisfy the outstanding judgment. Cadle, therefore, seeks leave to depose Mrs. White regarding her interrogatory responses, the nature and location of her assets, and her ability to satisfy the judgment.

446386

## ARGUMENT

Leave to depose a judgment creditor who has not disclosed sufficient assets to satisfy an outstanding judgment is appropriate under both the federal rules of civil procedure and the law of Connecticut, made applicable through Fed.R.Civ.P. 69. As stated therein:

> In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Fed.R.Civ.P. 69(a).

The foregoing provision provides the judgment creditor with the ability to conduct discovery in accordance with either federal or state practice. See 12 Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, Federal Practice and Procedure, § 3014 (2d ed. 1997).

> The judgment creditor is allowed discovery to find out about assets on which execution can issue or about assets that have been fraudulently transferred or are otherwise beyond the reach of execution. It may use the discovery devises provided in Civil Rules 26 to 37 or may obtain discovery in the manner provided by the practice of the state in which the district court is held.

Id.

The Federal Rules of Civil Procedure provide a broad right to conduct depositions, both pre-trial and post-judgment. See Lyonnais v. SGC Int'l, Inc., 160 F.3d 428, 430 (8th Cir. 1998). A judgment creditor is entitled to a very thorough examination of the judgment debtor. See Caisson Corp. v. County West Building Corp., 62 F.R.D. 331, 335 (E.D. Pa. 1974). As the judgment creditor of Mrs. White, who has not disclosed sufficient assets to satisfy the judgment, Cadle should be granted leave to take her deposition.

446386

2

Furthermore, a post-judgment deposition would be appropriate under Connecticut law. Cadle has already served the prescribed post-judgment interrogatories utilized by the Connecticut courts, and Mrs. White's reponses do not disclose sufficient assets to satisfy Cadle's judgment. Connecticut law provides:

> On failure of a person served with interrogatories to . . . disclose sufficient assets for execution . . . the judgment creditor may move the court for such supplemental discovery orders as may be necessary to ensure disclosure. . . . The judgment creditor may obtain discovery, including the taking of depositions, from any person served with interrogatories in accordance with the procedures for discovery in civil actions without further order of the court.

Conn. Gen. Stat. § 52-351b(c).

Because Mrs. White's post-judgment interrogatory responses do not disclose sufficient assets to satisfy Cadle's judgment, Connecticut law authorizes Cadle to take her deposition.

## CONCLUSION

For all of the foregoing reasons, the Court should grant leave for Cadle to depose the judgment debtor regarding her interrogatory responses, the nature and location of her assets, and her ability to satisfy the judgment.

Dated in Hartford, Connecticut, this 19th day of September, 2006.

**PLAINTIFF, THE CADLE COMPANY**

By: _____
PAUL N. GILMORE, ESQ.
Fed. Bar No. ct03347
UPDIKE, KELLY & SPELLACY, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
Tel.: (860) 548-2600
Fax: (860) 548-2680