**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**(Hartford)**

-----------------------------------------------------:
                           :

THE CADLE COMPANY,          :   CIVIL ACTION NO.
       Plaintiff         :   3:02-CV-30 (TPS)

v.                         :

DOUGLAS WHITE and        :
ROSALIE A. WHITE,         :
       Defendants      :
-----------------------------------------------------:   March 15, 2007

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO OPEN AND MODIFY THE JUDGMENT TO AUGMENT THE INJUNCTIVE, REMEDIAL RELIEF PROVISONS OF THE JUDGMENT

**I.**    **FACTS**

The Plaintiff/Judgment Creditor, The Cadle Company ("Cadle" or "Plaintiff"), seeks to

open and modify the judgment to augment the injunctive, remedial relief provisions of the

judgment entered in this case on March 21, 2006 (the "Judgment"). The grounds for so moving

are that the defendants have circumvented the injunction entered by the court. In its March 21,

2006 ruling, the Court entered the following injunctive relief:

> Defendant Douglas White is permanently enjoined from depositing any
> cash, check, or other form of remuneration into any account in which he is not an
> owner or joint owner. It should be made clear to the defendant that continuing to
> deposit commission checks into his wife's account will be a direct violation of a

465452v4

> court order.  Likewise, Lee White is permanently enjoined from accepting any
> cash, check or other funds from Douglas White for the purpose of depositing the
> funds into any account in which Douglas White is not at least a joint owner.

Mem. of Decision (3/21/06).  The Court also invited the Plaintiff to file a motion for additional

remedial relief, which the Plaintiff timely did by motion dated April 19, 2006.  In said motion the

Plaintiff sought, inter alia, the following additional relief:  ... (6)  that defendant Douglas White

be prohibited from assigning his right to payment of any receivable now due to him or which

may at any time in the future become due to him, and of any other income anticipated to be

received by, or otherwise due (or which may hereafter become due) to, him.  The Court denied

Plaintiff's motion to augment the Judgment.  It appears that shortly after the court denied that

motion, Douglas White thought this was a good idea to defeat plaintiff's judgment collection

efforts without violating the letter of the injunction entered against him, for the following

transpired thereafter.

Defendants Douglas White and/or Lee White formed a new Connecticut limited liability

company known as Tech Form, LLC ("Tech Form").  Tech Form is an asset of either or both of

the defendants that is believed to have been formed for the purpose of frustrating Plaintiff's

efforts to collect on the judgment debt owed by Douglas White to the Plaintiff.  Plaintiff filed

garnishment process in the State of Ohio on an Ohio-domesticated judgment, which garnishment

process was directed against the primary manufacturer that Douglas White represents, Zed

Industries, Inc., and from whom Douglas White earns commissions.   See Affidavit of Michelle

Harris at ¶ 4. This garnishment process was returned by Zed Industries to the court unsatisfied,

on the grounds that Douglas White is not an employee of Zed Industries and that the

commissions he earns from Zed Industries are paid directly to Tech Form. Harris Aff. at ¶ 4 and

Exhibit A thereto (Letter of Zed Industries to Ohio Court).

Plaintiff's search of the records of the Office of the Connecticut Secretary of State shows

that Tech Form was created on June 12, 2006, has its "place of business" at defendants'

residence, and is managed by Douglas White, who also is its registered agent. Harris Aff. at ¶ 5

and Exhibit B thereto (copy of said records). Instead of diverting his commission checks,

Douglas White appears to have assigned his rights to receive commissions to Tech Form, and

Tech Form is now receiving the commission checks that, but for this assignment, would have

been received by Douglas White (just as Plaintiff had feared when it penned the motion to

augment the Judgment last April). Harris Aff. at ¶ 6 and Exhibit C thereto (copy of canceled

checks for commissions paid to Tech Form). Plaintiff now moves under Fed. R. Civ. P. 60 (b) to

close that loophole and to obtain the other remedial relief previously sought last April, so that the

defendants can no longer circumvent the injunction and will be required to conduct their

financial affairs in such a way that the Plaintiff can begin to productively execute on the

Judgment, instead of heading down dead-ends. The additional remedial relief sought by the Plaintiff is as follows:

1. That defendant Douglas White be required to maintain one, and only one, bank account (the "Account") within the State of Connecticut (so long as he maintains residency in this State) into which he shall be required to deposit any and all of his income and/or earnings, whether received as a manufacturer's representative or from any other source, which account shall be maintained in his name individually or jointly with the defendant Rosalie White, but with no other person;

2. That defendant Douglas White be required to disclose to the plaintiff, in writing, the name of the bank at which the Account is kept, the account number for the Account, the name in which the Account is held and the street address of the bank office at which the Account is established;

3. That neither of the defendants shall transfer any monies out of the Account, except for the writing of checks in the payment of ordinary living expenses or for ordinary or extra-ordinary then-present medical needs (collectively, "Expense Checks");

4. That defendant Douglas White must give the plaintiff written notice, by facsimile transmission (to The Cadle Company, referencing account number OE350001, at (800) 860-5367, or at such other facsimile number as the plaintiff may hereafter

advise the defendant in writing) of his receipt (and the monetary amount) of each and every commission check, or any other source of earnings or income within, 48 hours of his receipt thereof (the "Creditor Notice") and he must also deposit his commission checks, and any other sources of earnings or income, into the Account within 48 hours of his receipt thereof;

5.  That defendants Douglas White and Rosalie White be prohibited from writing any Expense Checks on the Account until five business days after (a) the sending of each such Creditor Notice (which sending must be documented by a confirmed facsimile transmission, the record of which is to be maintained by defendant Douglas White) and (b) the depositing of each such commission check, and any other sources of earnings or income, into the Account; provided, however, that advance notice shall not be required for the payment of emergency medical services;

6.  That defendant Douglas White be prohibited from assigning his right to payment of any receivable now due to him or which may at any time in the future become due to him, and of any other income anticipated to be received by, or otherwise due (or which may hereafter become due) to, him;

7.  That defendant Douglas White shall give the plaintiff 30 days advance notice before closing the Account and opening a new Account at another bank within this state (the

"New Account"), and, in the event of any such closure of the Account and opening of a New Account, all provisions of the order set forth herein as to the Account shall apply with equal force and effect to the New Account;

8. That defendant Douglas White shall not establish a bank account in another state (whether it be a domestic or foreign state) for the purpose or use of depositing his income into such account (a "Different State Account"), unless he first terminates his Connecticut residency and establishes permanent residency in such other state (in which event defendant Douglas White shall give the plaintiff 90 days advance written notice of his intent to terminate his Connecticut residency and establish a new permanent residency in such other state); and

9. That in the event of any such termination of Connecticut residency and/or establishment of permanent residence in another state (whether domestic or foreign), all provisions of the order set forth herein as to the Account shall apply with equal force and effect to the Different State Account.

## II.    AUTHORITY FOR OPENING AND MODIFYING THE JUDGMENT AND GRANTING THE REQUESTED RELIEF.

### A.  The Court May Properly Open the Judgment and Modify the Injunctive Relief.

The Court has the authority to open and modify the Judgment to expand the scope of the injunction and close this and other likely loopholes. Booker v. Special School District No. 1, 585 F.2d 347 (8th Cir. 1978), which provides as follows:

> There is no question that in a proper case a federal district court that has issued an injunction may vacate it or modify it if it is established that to continue it in force or without modification would work an inequitable result. That power is conferred by Fed. R. Civ. P. 60 (b) (5), but it would exist even in the absence of that rule since a federal court of equity has inherent jurisdiction in the exercise of its equitable discretion and subject to appropriate appellate review to vacate or modify its injunctions. ... the basic responsibility for determining whether an injunction should be dissolved or maintained in force or whether and to what extent it should be modified rests primarily on the shoulders of the district court that issued the injunction in the first place.

Id. at 352-53; Securities and Exchange Commission v. Advance Growth Capital Corp., 539 F.2d 649 (7th Cir. 1976) (court of equity has "inherent power" to modify an injunction in adaptation to changed conditions, which power is codified by Rule 60 (b)(5); Pro Edge, L.P. v. Gue, 411 F. Supp. 2d 1080, 1086-88 (N.D. Iowa 2006) (same, and collecting cases).

**B. The Additional Remedies Sought Are Appropriate Remedial Measures Under the UFTA..**

The remedies provision of the Uniform Fraudulent Transfer Act, Connecticut General Statutes § 52-552h, provides, in pertinent part, as follows:

>  (a) In an action for relief against a transfer … a creditor … may obtain: … (3) subject to applicable principles of equity and in accordance with applicable rules of civil procedure: (A) an injunction against further disposition by the debtor or transferee, or both, of the asset transferred or of other property; … or (C) any other relief the circumstances may require.
>
>  (b) If a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court so orders, may levy execution on the asset transferred or its proceeds.

The Uniform Fraudulent Transfer Act is a remedial statute and should be liberally construed. National Loan Investors, L.P. v. Givens, 952 P.2d 1067 (Utah 1998); accord, Executrix of the Estate of Orrin Running v. Widdes, 52 Wisc.2d 254, 259, 190 N.W.2d 169, 172 (1971) (The Uniform Fraudulent Conveyance Act – the predecessor to the UFTA – is "a remedial statute and a liberal construction should be given it to accomplish its purpose of giving speedy relief against a fraudulent debtor. By the operation of this action, creditors are able to get what is due them despite the efforts of a debtor to elude payment by putting his property … beyond the reach of his creditors."). Connecticut favors a construction of the UFTA in such a

manner as will "effectuate their general purpose to make uniform the law … among states enacting them." Conn. Gen. Stat. § 52-552l.

"Remedial statutes are liberally construed to suppress the evil and advance the remedy." Riggs National Bank of Washington, D.C. v. District of Columbia, 581 A.2d 1229, 1990 D.C. App. LEXIS 265 (1990) (quoting, 3 N. Singer, Sutherland, Statutory Construction § 60.01 at 55 (4th ed. 1986); Cissell v. Johnston, 4 App. D.C. 335, 346 1894 U.S. App. LEXIS 3340 (1894) ("The rule in construing remedial statutes, though it may be in derogation of the common law, is that everything is to be done in the advancement of the remedy that can be done consistently with any fair construction that can be put upon it.").

## III.    RATIONALE FOR THE REQUESTED RELIEF.

There are good and cogent reasons why Plaintiff has requested the additional remedy provisions set forth above. First, after the court declined to adopt these additional remedial measures, defendant Douglas White promptly took his cue from the Plaintiff's moving papers and did one of the very things Plaintiff sought to prevent – he set up an limited liability company and assigned his right to receive commissions from his largest manufacturer to that newly formed LLC, thereby frustrating Plaintiff's efforts to execute on the Judgment. Second, Defendant Douglas White is an independent contractor, a sole proprietor who earns commissions from various manufacturing companies for procuring buyers for the sale of their equipment. He

is paid on an irregular basis (upon the buyer's payment in full of the contract price for the equipment sold). Thus, he does not receive a regular paycheck. If Douglas White were permitted to have more than one checking account, and to have a checking account outside of the state of Connecticut, he could take action to avoid any effort by the plaintiff to execute upon the judgment. So too, given the irregular nature of his income receipt, if Douglas White were not required to give Plaintiff notice of when he receives a commission check, and if the defendants were not also required to refrain from writing Expense Checks until five business days after giving Plaintiff notice of the receipt of an Expense Check, Douglas White could deposit his commission check and time the payment of his expenses in such a way as to ensure that there most likely would be no monies in the Account when Plaintiff serves a bank execution, and thus be able to effectively frustrate collection of the judgment.

Moreover, if defendant Douglas White were not prevented from assigning his right to receive commission checks and/or other sources of income before he receives it, and if the defendant were not required to deposit the income receipts into the Account and be prohibited from transferring the money out of the Account, except for the Expense Checks (in the manner set forth above), the defendants could frustrate the plaintiff's collection efforts and continue to get away with the fraud they have perpetrated on the Plaintiff. The proposed additional remedies would close all of those loopholes, yet still permit the defendants to make provision for

emergency care and some level of expense payments (i.e., the exemption amount in a bank account provided by Connecticut law).  An adoption of the proposed additional provisions as a part of the final judgment would serve the goal of suppressing the evil and advancing the remedy, and they are all warranted by the circumstances.

Respectfully submitted, this 16th day of March, 2007.

**PLAINTIFF, THE CADLE COMPANY**

By: _____
PAUL N. GILMORE, ESQ.
Fed. Bar No. ct 03347
UPDIKE, KELLY & SPELLACY, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
Tel.: (860) 548-2600
Fax:  (860) 548-2680
pgilmore@uks.com

## CERTIFICATION OF SERVICE

This is to certify that on the 16th day of March, 2007, the undersigned did cause to be sent, via courier, a copy of foregoing to:

R. Bradley Wolfe, Esq.
William Gallito, Esq.
Gordon, Muir & Foley, LLP
Ten Columbus Blvd.
Hartford, CT 06106

PAUL N. GILMORE, ESQ.
Updike, Kelly & Spellacy, P.C.

465452v4                                    12

UNITED STATES DISTRICT COURT
**DISTRICT OF CONNECTICUT**
**(Hartford)**

---------------------------------------------------:

|  |  |  |
|---|---|---|
| THE CADLE COMPANY, | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02-CV-30 (TPS) |
|  | : |  |
| v. | : |  |
|  | : |  |
| DOUGLAS WHITE and | : |  |
| ROSALIE A. WHITE, | : |  |
| Defendants | : |  |

---------------------------------------------------:    March 15, 2007

### AFFIDAVIT OF MICHELLE HARRIS

| STATE OF OHIO | ) | |  |
|---|---|---|---|
|  | ) | ss. Newton Falls | March 15, 2007 |
| COUNTY OF TRUMBULL | ) | |  |

I, Michelle Harris, being duly sworn, hereby depose and state:

1.     I am over the age of twenty-one (21) years and believe in and understand the obligations of an oath.

2.     I am an agent and representative of The Cadle Company, an Ohio corporation having its principal place of business in Newton Falls, Ohio ("Cadle" or "Plaintiff") and, in my capacity as such, I have knowledge of the facts hereinafter mentioned based on my own personal knowledge and my review of the files and records of Cadle.

465477v2

3.      Cadle is the judgment creditor of defendants Douglas White and Lee White by means of, inter alia, that certain final judgment (the "Judgment") entered on March 21, 2006 by the court in the above-captioned case. The Judgment so entered was in an amount in excess of $600,000.00.

4.      Cadle filed garnishment process in the State of Ohio on an Ohio-domesticated judgment, which garnishment process was directed against the primary manufacturer that Douglas White represents, Zed Industries, Inc., and from whom Douglas White earns commissions. This garnishment process was returned by Zed Industries to the court unsatisfied, on the grounds that Douglas White is not an employee of Zed Industries and that the commissions he earns from Zed Industries are paid directly to Tech Form, LLC. A true and accurate copy of the Letter of Zed Industries to Ohio Court is attached hereto as Exhibit A.

5.      Cadle's search of the records of the Office of the Connecticut Secretary of State (via Concord) shows that Tech Form was created on June 12, 2006, has its "place of business" at defendants' residence, and is managed by Douglas White, who also is its registered agent. A true and accurate copy of such records is attached hereto as Exhibit B.

6.      Instead of diverting his commission checks, Douglas White appears to have assigned his rights to receive commissions to Tech Form, and Tech Form is now receiving the commission checks that, but for this assignment, would have been received by Douglas White (just as Plaintiff had feared when it penned the motion to augment the Judgment last April). A true and accurate copy

of canceled checks for commissions paid to Tech Form, as provided by Zed Industries, and showing the endorsement of Douglas White, is attached hereto as Exhibit C.

      7.    Further, affiant sayeth not.

Dated at Hartford, Connecticut, this _15ᵗʰ_ day of March, 2007.

                                Michelle Harris


Subscribed and sworn to before me, this 15ᵗʰ day of March, 2007.

                                Notary Public
                                My commission expires: 3-7-10

KRISTINA DILLON
Notary Public, State of Ohio
My Commission Expires March 7, 2010

*Exhibit A*

COPY

**ZED**

Thermoforming & Plastic Packaging Machinery Systems

August 8, 2006

Summit County Clerk of Courts
Civil Division
205 South High Street
Akron OH  44308

Attention: Janice

RE: Case No. CV 2006 04 2574
    Douglas White

Dear Janice:

    Per our phone conversation on this date I am returning all garnishment forms regarding the above case.  Mr. White is not an employee of Zed Industries, Inc.  However he does earn commissions that are paid to Tech Form, LLC. (TIN 77-0662366).

    If you need additional information, please contact me.

Thank you,

Kathie King
Accountant

encl

**ZED INDUSTRIES, INC.**

3580 Lightner Road ▪ PO Box 455 ▪ Vandalia, Ohio 45377
TEL (937) 667-8407 ▪ FAX (937) 667-3340
www.zedindustries.com ▪ EMAIL info@zedindustries.com

Exhibit B

## business inquiry

**BUSINESS DETAILS:**

| | | |
|---|---|---|
| Business Name: | Business ID: | Business Address: |
| TECH FORM, LLC | 0863253 | 22 FLAT ROCK HILL ROAD OLD LYME, CT 06371 |

| | | |
|---|---|---|
| Mailing Address: | Citizenship/State inc: | Last Report Year: |
| 22 FLAT ROCK HILL ROAD OLD LYME, CT 06371 | Domestic/CT | |

| | | |
|---|---|---|
| Business Type: | Business Status: | Date Inc./Register: |
| Domestic Limited Liability Company | Active | Jun 12, 2006 |

**PRINCIPALS:**

| Name/Title: | Business Address: | Residence Address: |
|---|---|---|
| DOUGLAS WHITE MANAGER | 22 FLAT ROCK HILL RD. OLD LYME, CT 06371 | 22 FLAT ROCK HILL RD. OLD LYME, CT 06371 |

**BUSINESS SUMMARY:**

| Agent Name: | Agent Business Address: | Agent Residence Address: |
|---|---|---|
| DOUGLAS WHITE | 22 FLAT ROCK HILL ROAD OLD LYME, CT 06371 | 22 FLAT ROCK HILL ROAD OLD LYME, CT 06371 |

» View Name History     » View Filing History     » View Shares

[ Cancel ]

COPY

*Exhibit C*

ZED

**Thermoforming & Plastic Packaging Machinery Systems**

February 8, 2007

Summit County Common Pleas Court
209 S High Street
Akron Oh 44308

Re: Subpoena
     The Cadle Company vs. Douglas White
     Case No. CV 2006 04 2574

Dear Sir or Madam:

    Enclosed please find copies of additional information requested by The Cadle
Company in connection with the above referenced case. If you have any questions please
feel free to contact our office.

Sincerely,

Kathie King
Accountant

Encl

**ZED INDUSTRIES, INC.**

3580 Lightner Road • PO Box 456 • Vandalia, Ohio 45377
TEL (937) 667-8407 • FAX (937) 667-3340
www.zedindustries.com • EMAIL info@zedindustries.com

Mar. 14. 2007  8:47AM   THE  OLE  COMPANY              No. 925  P.19

COPY

98206

ZED INDUSTRIES, INC.
P.O. BOX 458
VANDALIA, OHIO 45377

JPMORGAN CHASE BANK, N.A.
COLUMBUS, OHIO 43271
25-3-440

PAY
TO THE
ORDER OF

Seven Thousand Five Hundred Thirteen & 72/100 Dollars

DOUG WHITE
dba TECH FORM LLC
53 FLAT ROCK HILL RD
OLD LYME CT 06371

| DATE | AMOUNT |
|------|--------|
| 07/06/2006 | US$ 7,513.72 |

VOID AFTER 180 DAYS

⑈098206⑈ ⑆044000037⑇ 925723380⑈ ⑈000075137 2⑈

JPMORGAN CHASE BANK, NA
0749Q9962
07/11/06
121454 8198
07002000001-4
0.5071-1200006-1
ENDNTDSSCDETROIT199 PR4204
0535166483

07102006  1371595540
Webster Bank  >211170101<
PKT=8  048  0000000000010085664

For Deposit Only

Mar. 14. 2007  8:47AM   THE   DLE COMPANY   No. 4383   P. 4

COPY

98573

**ZED INDUSTRIES, INC.**
P.O. BOX 458
VANDALIA, OHIO 45377

JPMORGAN CHASE BANK, N.A.
COLUMBUS, OHIO 43271
25-3-440
08/21/06  E4194  T4209  P29  0731750047

PAY
TO THE
ORDER OF

One Thousand Seven Hundred Eighty Four & 53/100 Dollars

DATE
08/10/2006

AMOUNT
US$ 1,784.53

TECH FORM LLC
53 FLAT ROCK HILL RD.
OLD LYME  CT 06371

VOID AFTER 180 DAYS

⑈098573⑈ ⑆044000037⑆    ⑈25723380⑈    ⑈00001784 53⑈

JPMORGAN CHASE BANK, NA
074909962
08/21/06

215-807030

Mar.14. 2007  8:48AM   THE TILE COMPANY   No. 425   P. 6

COPY

99117

**ZED INDUSTRIES, INC.**
P.O. BOX 458
VANDALIA, OHIO 45377

JPMORGAN CHASE BANK, N.A.
COLUMBUS, OHIO 43271
25-3-440

PAY

One Thousand Five Hundred Thirty Two & 12/100 Dollars

10/17/06  E3815  T3830  P22  0332833428

TO THE
ORDER OF

| DATE | AMOUNT |
|------|--------|
| 10/05/2006 | US$ 1,532.12 |

TECH FORM LLC
53 FLAT ROCK HILL RD
OLD LYME CT 06371

VOID AFTER 180 DAYS

⑈099117⑈ ⑆044000037⑆    ⑈25723380⑈    ⑈0000153212⑈

0332833428

JPMORGAN CHASE BANK COLUMBUS   149117SHEG
MST 674969562   G0000144860664
10/17/06

081 6221385
0410-0001-4
10172006
ENT=0480  TRC=0087  PK=04
10172006
0111-0048-1
ENT=3815  TRC=3830  PK=22
0332833428

5410232016

Mar.14. 2007  8:48AM   THE   OLE COMPANY                    No.4993   P. 24

99186

COPY

**ZED INDUSTRIES, INC.**
P.O. BOX 488
VANDALIA, OHIO 45377

JPMORGAN CHASE BANK, N.A.
COLUMBUS, OHIO 43271
25-3-440

PAY
TO THE
ORDER OF

Seventeen Thousand Eighteen & 65/100 Dollars

| DATE | AMOUNT |
|------|--------|
| 10/12/2006 | US$ 17,018.65 |

TECH FORM LLC
53 FLAT ROCK HILL RD
OLD LYME  CT 06371

VOID AFTER 180 DAYS

⑈099186⑈ ⑆044000037⑆ 925723380⑈ ⑈000170186⑈

FOR DEPOSIT ONLY

Mar.14. 2007. 9:48AM   THE RULE COMPANY                              No.4993   P. 1

COPY                                                                    99430

**ZED INDUSTRIES, INC.**
P.O. BOX 488
VANDALIA, OHIO 45377

JPMORGAN CHASE BANK, N.A.
COLUMBUS, OHIO 43271
25-3-440

11/22/06  E3708  T3708  P26  0530143011

PAY
TO THE
ORDER OF

Twenty Thousand One Hundred Sixteen & 31/100 Dollars

| DATE | AMOUNT |
|------|--------|
| 11/09/2006 | US$ 20,116.31 |

TECH FORM LLC
53 FLAT ROCK HILL RD
OLD LYME  CT 06371

VOID AFTER 180 DAYS

⑈099430⑈ ⑆044000037⑆  925723380⑈  ⑈000 2011631⑈

JPMORGAN CHASE BANK, NA
074909962
11/22/06

0115757074

For Deposit
Only

## CERTIFICATION OF SERVICE

This is to certify that on the 16th day of March, 2007, the undersigned did cause to be sent, via U.S. Mail, postage prepaid, a copy of foregoing to:

R. Bradley Wolfe, Esq.
William J. Gallito, Esq.
Gordon, Muir & Foley,  LLP
Ten Columbus Blvd.
Hartford, CT 06106

PAUL N. GILMORE, ESQ.
*Updike, Kelly & Spellacy, P.C.*

455678