**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**(Hartford)**

-----------------------------------------------------:
                         :

| | |
|---|---|
| THE CADLE COMPANY,<br>        Plaintiff | CIVIL ACTION NO.<br>3:02-CV-30 (TPS) |
| v. | |
| DOUGLAS WHITE  and<br>ROSALIE A. WHITE,<br>        Defendants | March 15, 2007 |

-----------------------------------------------------:

## PLAINTIFF'S APPLICATION FOR CHARGING ORDER

The Plaintiff/Judgment Creditor, The Cadle Company ("Cadle" or "Plaintiff"), hereby

applies for a charging order against the interests of defendants Douglas White and/or Lee White

in and to a Connecticut limited liability company known as Tech Form, LLC ("Tech Form").

Tech Form is an asset of either or both of the defendants that is believed to have been formed for

the purpose of frustrating Plaintiff's efforts to collect on the judgment debt owed by Douglas

White to the Plaintiff.  Plaintiff filed garnishment process in the State of Ohio on an Ohio-

domesticated judgment, which garnishment process was directed against the primary

manufacturer that Douglas White represents, Zed Industries, Inc., and from whom Douglas

White earns commissions.   This garnishment process was returned by Zed Industries to the court

455678

unsatisfied, on the grounds that Douglas White is not an employee of Zed Industries and that the commissions he earns from Zed Industries are paid directly to Tech Form.

Plaintiff's search of the records of the Office of the Connecticut Secretary of State shows that Tech Form was created on June 12, 2006, has its "place of business" at defendants' residence, and is managed by Douglas White, who also is its registered agent. Instead of diverting his commission checks, Douglas White appears to have assigned his rights to receive commissions to Tech Form. Plaintiff was concerned that this might happen, given the judgment of intentional fraud entered against the defendants. Plaintiff attempted to negate this possibility by moving the court in March of 2006 to augment the judgment to, *inter alia*, prohibit Douglas White from assigning his right to payment of any receivable now due to him or which may at any time in the future become due to him, and of any other income anticipated to be received by, or otherwise due (or which may hereafter become due) to, him (see item number six on plaintiff's motion to augment the judgment). It appears that shortly after the court denied that motion, Douglas White thought this was a good idea to defeat plaintiff's judgment collection efforts without violating the letter of the injunction entered against him.

By means of this charging order, Cadle seeks to charge the defendants' limited liability company interest, and the distributions and proceeds thereof, with the payment of the judgment entered in this civil action, which remains wholly unsatisfied. Judgment entered against both

defendants, jointly and severally, in the amount of $614,691.14 on March 21, 2006 (the "Judgment").

Cadle also hereby moves the court to direct the manager and/or managing member of Tech Form, LLC to remit and pay into the court any and all distributions (and all other remuneration) due or to become due to either or both of the defendants/judgment debtors, in respect of the limited liability company known as Tech Form, LLC. Furthermore, Cadle moves the court for the entry of an order commanding the limited liability company to make all of its books and records available to Cadle so that Cadle may determine whether and to what extent such distributions and proceeds should be forthcoming, and to enable Cadle to adequately appraise the limited liability company, and the judgment debtors' interest therein, so that said interests may be foreclosed by Cadle, with the proceeds of the foreclosure by sale, or the value of the interest obtained by means of a judgment of strict foreclosure, to be applied towards the payment of the judgment. Furthermore, Cadle moves the court to enter such other and further orders as the present circumstances of the case require, so as to effectuate and give meaning to the charging order.

The facts and law supporting this Application are more particularly set forth in the appended Memorandum of Law, which is attached hereto and made a part hereof.

Respectfully submitted, this 15th day of March, 2007.

PLAINTIFF, THE CADLE COMPANY

By: _____
PAUL N. GILMORE, ESQ.
Fed. Bar No. ct 03347
UPDIKE, KELLY & SPELLACY, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
Tel.: (860) 548-2600
Fax:  (860) 548-2680
pgilmore@uks.com

## CERTIFICATION OF SERVICE

This is to certify that on the 16th day of March, 2007, the undersigned did cause to be sent, via U.S. Mail, postage prepaid, a copy of foregoing to:

R. Bradley Wolfe, Esq.
William J. Gallito, Esq.
Gordon, Muir & Foley,  LLP
Ten Columbus Blvd.
Hartford, CT 06106

PAUL N. GILMORE, ESQ.
Updike, Kelly & Spellacy, P.C.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**(Hartford)**

```
-----------------------------------------------:
                                               :
THE CADLE COMPANY,                             :   CIVIL ACTION NO.
          Plaintiff                            :   3:02-CV-30 (TPS)
                                               :
v.                                             :
                                               :
DOUGLAS WHITE  and                             :
ROSALIE A. WHITE,                              :
          Defendants                           :
----------------------------------------------- :   March 15, 2007
```

## HEARING AND SERVICE ORDER

The above Application having been presented to the Court, it is hereby ORDERED, that

the Defendants, DOUGLAS WHITE AND LEE WHITE,  with a residence at 22 Flat Rock Hill

Road, Old Lyme, Connecticut, 06371, be summoned to appear before the United States District

Court, Hartford Division, 450 Main Street, Hartford, Connecticut on _____, at

_____ a.m./p.m. in Courtroom ___, and that the Plaintiff give notice to said defendants by

causing a true and attested copy of the Application, to be served on said defendants in the

manner according to law by some proper officer or indifferent person on or before

_____, and that due return of service be made to this Court.

455678

It is hereby further ordered that such service upon Douglas White shall constitute due notice to said limited liability company, Tech Form, LLC, of this application and of the date, place and time when the same shall be heard.

Dated at Hartford, Connecticut this _____ day of _____.


_____
Thomas P. Smith
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
### (Hartford)

```
-----------------------------------------------:
                                                :
THE CADLE COMPANY,                              :     CIVIL ACTION NO.
              Plaintiff                         :     3:02-CV-30 (TPS)
                                                :
v.                                              :
                                                :
DOUGLAS WHITE  and                              :
ROSALIE A. WHITE,                               :
              Defendants                        :
-----------------------------------------------:     March ____, 2007
```

## ORDER ON APPLICATION FOR CHARGING ORDER

The foregoing Application having been heard, it is hereby ordered that:

The transferable interests of Douglas White and/or Lee White (the "Defendants" or "Whites") in that certain Connecticut limited liability company known as Tech Form, LLC, is hereby charged with the payment of the judgment entered in this civil action, which remains wholly unsatisfied.   By means of this charging order, the defendants' respective interests in said limited liability company, and the distributions and proceeds thereof, are liened, such that the same shall be used and applied towards the payment of the judgment entered in this civil action (together with all post-judgment interest accrued and accruing thereon).  The court hereby directs the manager and/or managing member of said limited liability company to remit and pay into

this court, for the benefit of the plaintiff, the Defendants' share of the distributions and proceeds (and all other remuneration) due or to become due with respect to Douglas White's and Lee White's respective interests in said limited liability company, with the clerk of court to remit the same to the plaintiff upon his/her receipt thereof. The limited liability company shall remit all such distributions and proceeds to said clerk of court promptly upon the determination of the same.

Furthermore, the court hereby orders the limited liability company known as Tech Form, LLC to make all of its books and records available to Cadle so that Cadle may determine whether and to what extent such distributions and proceeds should be forthcoming, and to enable Cadle to adequately appraise the limited liability company, and the judgment debtors' respective interests therein, so that said interests may be foreclosed by Cadle, with the proceeds of the foreclosure by sale, or the value of the interests obtained by means of a judgment of strict foreclosure, to be applied towards the payment of the judgment (to the extent of such proceeds or value, as the case may be).

Dated at Hartford, Connecticut this _____ day of _____.


_____
Thomas P. Smith
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Hartford)

----------------------------------------------------- :
                                                       :
THE CADLE COMPANY,                                     :     CIVIL ACTION NO.
                       Plaintiff                       :     3:02-CV-30 (TPS)
                                                       :
v.                                                     :
                                                       :
DOUGLAS WHITE  and                                     :
ROSALIE A. WHITE,                                      :
                       Defendants                      :
----------------------------------------------------- :     March 15, 2007

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION
## FOR CHARGING ORDER AGAINST LLC MEMBERSHIP INTEREST

**I.      FACTS**

The Plaintiff/Judgment Creditor, The Cadle Company ("Cadle" or "Plaintiff"), seeks a

charging order against the interests of defendants Douglas White and/or Lee White in and to a

Connecticut limited liability company known as Tech Form, LLC ("Tech Form").  Tech Form is

an asset of either or both of the defendants that is believed to have been formed for the purpose

of frustrating Plaintiff's efforts to collect on the judgment debt owed by Douglas White to the

Plaintiff.  Plaintiff filed garnishment process in the State of Ohio on an Ohio-domesticated

judgment, which garnishment process was directed against the primary manufacturer that

Douglas White represents, Zed Industries, Inc., and from whom Douglas White earns commissions. See Affidavit of Michelle Harris at ¶ 4. This garnishment process was returned by Zed Industries to the court unsatisfied, on the grounds that Douglas White is not an employee of Zed Industries and that the commissions he earns from Zed Industries are paid directly to Tech Form. Harris Aff. at ¶ 4 and Exhibit A thereto (Letter of Zed Industries to Ohio Court).

Plaintiff's search (via Concord) of the records of the Office of the Connecticut Secretary of State shows that Tech Form was created on June 12, 2006, has its "place of business" at defendants' residence, and is managed by Douglas White, who also is its registered agent. Harris Aff. at ¶ 5 and Exhibit B thereto (copy of said records). Instead of diverting his commission checks, Douglas White appears to have assigned his rights to receive commissions to Tech Form, and Tech Form is now receiving the commission checks that, but for this assignment, would have been received by Douglas White. Harris Aff. at ¶ 6 and Exhibit C thereto (copy of canceled checks for commissions paid to Tech Form).

Plaintiff was concerned that this might happen, given the judgment of intentional fraud entered against the defendants. Plaintiff attempted to negate this possibility by moving the court in March of 2006 to augment the judgment to, *inter alia*, prohibit Douglas White from assigning his right to payment of any receivable now due to him or which may at any time in the future become due to him, and of any other income anticipated to be received by, or otherwise due (or

455678                                              11

which may hereafter become due) to, him (see item number six on plaintiff's motion to augment the judgment). It appears that shortly after the court denied that motion, Douglas White thought this was a good idea to defeat plaintiff's judgment collection efforts without violating the letter of the injunction entered against him.

## II.   LEGAL ARGUMENT

The governing Connecticut General Statute for this application is Connecticut General Statutes Section 34-171. This Statute Section allows plaintiff/judgment creditor to make an application to the court to charge the transferable interest of a member of a limited liability company who is the judgment debtor to satisfy a judgment. The court:

> may charge the member's limited liability company interest
> with payment of the unsatisfied amount of the judgment with
> interest. To the extent so charged, the judgment creditor has
> only the rights of an assignee of the member's limited liability
> company interest.

Conn. Gen. Stat. Section 34-171. This statute limits the turnover order on a limited liability company to the rights of an assignee of the member's limited liability company interest. PB Real Estate, Inc. v. DEM II Properties, 50 Conn. App. 741, 745 (1998). However, Conn. Gen. Stat. Section 34-101 defines a "limited liability company membership interest" as "a member's share of the profits and losses of the limited liability company and a member's right to receive

distributions of the limited liability company's assets, unless otherwise provided in the operating agreement." <u>Id</u>.

In this case, the court should grant Plaintiff's application for a charging order and charge the Defendants' interests in Tech Form, LLC, a Connecticut limited liability company. The charging order, and the statutory remedy referenced above, is the prescribed post-judgment remedy for realizing upon a judgment debtor's limited liability company interest. Furthermore, the ancillary relief sought in the application with respect to the order requiring the payment of distributions (and all other remuneration payable to either of the defendants by the limited liability company) into court, and the production of books and records of the limited liability company, are targeted towards enabling the plaintiff to obtain meaningful relief with respect to this remedy and which therefore would be a proper remedy as established by the trial court in <u>PB Real Estate, Inc. v. DEM II Properties</u> which states that "the remedies available to judgment creditors under both the UPA and the ULPA would be available to judgment creditors under the LLCA." <u>PB Real Estate, Inc. v. DEM II Properties</u>, Docket No. CV 91-0324802-S, 1997 Conn. Super. LEXIS 2645, *10 (Silbert, J., September 25, 1997)(attached hereto as Exhibit A). Therefore, a judgment creditor should be entitled to all of the remedies available under Conn. Gen. Stat. Section 34-349, which allows for the foreclosure of such transferable interest of a partnership based on an application to the court for a charging order on a judgment debtor's

partnership interest.  In addition, the books and records of the partnership will be necessary for the plaintiff to properly value the judgment debtors' respective interests in the limited liability company so that the means of the foreclosure to be subsequently sought (i.e., whether by strict or by sale) may be determined.  See, <u>Madison Hills Limited Partnership II v. Madison Hills, Inc.</u>, 35 Conn. App. 81, cert. denied, 231 Conn. 913 (1994).

### III.    CONCLUSION

For all the foregoing reasons, the Court should grant the relief requested by Cadle in the Application.

PLAINTIFF,
THE CADLE COMPANY

By _____
Paul N. Gilmore, Esquire
Updike, Kelly & Spellacy, P.C.
P.O. Box 231277
One State Street
Hartford, CT  06123-1277
(860) 548-2600
Juris No.: 65040
Its Attorneys

**CERTIFICATION OF SERVICE**

  This is to certify that on the 16th day of March, 2007, the undersigned did cause to be

sent, via U.S. Mail, postage prepaid, a copy of foregoing to:

R. Bradley Wolfe, Esq.
William J. Gallito, Esq.
Gordon, Muir & Foley, LLP
Ten Columbus Blvd.
Hartford, CT 06106

               PAUL N. GILMORE, ESQ.
               *Updike, Kelly & Spellacy, P.C.*

455678

15

UNITED STATES DISTRICT COURT
**DISTRICT OF CONNECTICUT**
**(Hartford)**

```
------------------------------------------------:
                                                :
THE CADLE COMPANY,                              :.   CIVIL ACTION NO.
           Plaintiff                            :    3:02-CV-30 (TPS)
                                                :
v.                                              :
                                                :
DOUGLAS WHITE and                               :
ROSALIE A. WHITE,                               :
           Defendants                           :    March 15, 2007
------------------------------------------------:
```

## <u>AFFIDAVIT OF MICHELLE HARRIS</u>

STATE OF OHIO            )
                         )    ss. Newton Falls            March 15, 2007
COUNTY OF TRUMBULL )

I, Michelle Harris, being duly sworn, hereby depose and state:

1.      I am over the age of twenty-one (21) years and believe in and understand the
obligations of an oath.

2.      I am an agent and representative of The Cadle Company, an Ohio corporation having
its principal place of business in Newton Falls, Ohio ("Cadle" or "Plaintiff") and, in my capacity as
such, I have knowledge of the facts hereinafter mentioned based on my own personal knowledge and
my review of the files and records of Cadle.

465477v2

3.      Cadle is the judgment creditor of defendants Douglas White and Lee White by means of, inter alia, that certain final judgment (the "Judgment") entered on March 21, 2006 by the court in the above-captioned case. The Judgment so entered was in an amount in excess of $600,000.00.

4.      Cadle filed garnishment process in the State of Ohio on an Ohio-domesticated judgment, which garnishment process was directed against the primary manufacturer that Douglas White represents, Zed Industries, Inc., and from whom Douglas White earns commissions. This garnishment process was returned by Zed Industries to the court unsatisfied, on the grounds that Douglas White is not an employee of Zed Industries and that the commissions he earns from Zed Industries are paid directly to Tech Form, LLC. A true and accurate copy of the Letter of Zed Industries to Ohio Court is attached hereto as Exhibit A.

5.      Cadle's search of the records of the Office of the Connecticut Secretary of State (via Concord) shows that Tech Form was created on June 12, 2006, has its "place of business" at defendants' residence, and is managed by Douglas White, who also is its registered agent. A true and accurate copy of such records is attached hereto as Exhibit B.

6.      Instead of diverting his commission checks, Douglas White appears to have assigned his rights to receive commissions to Tech Form, and Tech Form is now receiving the commission checks that, but for this assignment, would have been received by Douglas White (just as Plaintiff had feared when it penned the motion to augment the Judgment last April). A true and accurate copy

of canceled checks for commissions paid to Tech Form, as provided by Zed Industries, and showing

the endorsement of Douglas White, is attached hereto as <u>Exhibit C</u>.

7.    Further, affiant sayeth not.

Dated at Hartford, Connecticut, this __15ᵗʰ__ day of March, 2007.

Michelle Harris

Subscribed and sworn to before me, this 15ᵗʰ day of March, 2007.

KRISTINA DILLON
Notary Public, State of Ohio
My Commission Expires March 7, 2010

Notary Public
My commission expires: 3-7-10

*Exhibit A*

COPY

# ZED

Thermoforming & Plastic Packaging Machinery Systems

August 8, 2006

Summit County Clerk of Courts
Civil Division
205 South High Street
Akron OH 44308

Attention: Janice

RE: Case No. CV 2006 04 2574
     Douglas White

Dear Janice:

     Per our phone conversation on this date I am returning all garnishment forms regarding the above case. Mr. White is not an employee of Zed Industries, Inc. However he does earn commissions that are paid to Tech Form, LLC. (TIN 77-0662366).

    If you need additional information, please contact me.

           Thank you,

           Kathie King
           Accountant

encl

---

**ZED INDUSTRIES, INC.**

3580 Lightner Road • PO Box 458 • Vandalia, Ohio 45377
TEL (937) 667-8407 • FAX (937) 667-3340
www.zedindustries.com • EMAIL info@zedindustries.com

Exhibit B

business inquiry

**BUSINESS DETAILS:**

| | | |
|---|---|---|
| Business Name: | Business ID: | Business Address: |
| TECH FORM, LLC | 0863253 | 22 FLAT ROCK HILL ROAD OLD LYME, CT 06371 |

| | | |
|---|---|---|
| Mailing Address: | Citizenship/State Inc: | Last Report Year: |
| 22 FLAT ROCK HILL ROAD OLD LYME, CT 06371 | Domestic/CT | |

| | | |
|---|---|---|
| Business Type: | Business Status: | Date Inc./Register: |
| Domestic Limited Liability Company | Active | Jun 12, 2006 |

**PRINCIPALS:**

| | | |
|---|---|---|
| Name/Title: | Business Address: | Residence Address: |
| DOUGLAS WHITE MANAGER | 22 FLAT ROCK HILL RD. OLD LYME, CT 06371 | 22 FLAT ROCK HILL RD. OLD LYME, CT 06371 |

**BUSINESS SUMMARY:**

| | | |
|---|---|---|
| Agent Name: | Agent Business Address: | Agent Residence Address: |
| DOUGLAS WHITE | 22 FLAT ROCK HILL ROAD OLD LYME, CT 06371 | 22 FLAT ROCK HILL ROAD OLD LYME, CT 06371 |

» View Name History    » View Filing History    » View Shares

Cancel

OPY

*Exhibit C*

# ZED

**Thermoforming & Plastic Packaging Machinery Systems**

February 8, 2007

DANIEL M. HORRIGAN
CLERK OF COURTS
SUMMIT COUNTY
2007 FEB 12  PM 2: 12

Summit County Common Pleas Court
209 S High Street
Akron Oh 44308

Re: Subpoena
      The Cadle Company vs. Douglas White
      Case No. CV 2006 04 2574

Dear Sir or Madam:

        Enclosed please find copies of additional information requested by The Cadle
Company in connection with the above referenced case. If you have any questions please
feel free to contact our office.

                                    Sincerely,

                                    *Kathie King*

                                    Kathie King
                                    Accountant

Encl

**ZED INDUSTRIES, INC.**
3580 Lightner Road • PO Box 458 • Vandalia, Ohio 45377
TEL (937) 667-8407 • FAX (937) 667-3340
www.zedindustries.com • EMAIL info@zedindustries.com

COPY

98206

ZED INDUSTRIES, INC.
P.O. BOX 455
VANDALIA, OHIO 45377

JPMORGAN CHASE BANK, N.A.
COLUMBUS, OHIO 43271
25-3-440

PAY
TO THE
ORDER OF

Seven Thousand Five Hundred Thirteen & 72/100 Dollars

DATE
07/05/2006

AMOUNT
US$ 7,513.72

DOUG WHITE
dba TECH FORM LLC
53 FLAT ROCK HILL RD
OLD LYME  CT 06371

VOID AFTER 180 DAYS

⑈098206⑈ ⑆044000037⑆        925723380⑈      ⑈000075137 2⑈

JPMORGAN CHASE BANK, NA
074909962
1214518195  07/11/06
0704260000001-4
0-0071-000406-1   5410716337
ENDSPEED DET XXXXXXXXXXXX04
0535166483
                        07102006  4371595540
            Webster Bank   >211170101<
            PKT=8 048 000000000010085664

For Deposit Only

COPY

98573

**ZED INDUSTRIES, INC.**
P.O. BOX 458
VANDALIA, OHIO 45377

JPMORGAN CHASE BANK, N.A.
COLUMBUS, OHIO 43271
25-3-440

08/21/06  E4194  T4209  P29  0731750047

One Thousand Seven Hundred Eighty Four & 53/100 Dollars

| DATE | AMOUNT |
|------|--------|
| 08/10/2006 | US$ 1,784.53 |

PAY
TO THE
ORDER OF

TECH FORM LLC
58 FLAT ROCK HILL RD.
OLD LYME  CT 06371

VOID AFTER 180 DAYS

⑆098573⑆ ⑈044000037⑈     ⑆25723380⑆     ⑆00001178453⑆

OPY

99117

ZED INDUSTRIES, INC.
P.O. BOX 458
VANDALIA, OHIO 45377

JPMORGAN CHASE BANK, N.A.
COLUMBUS, OHIO 43271
25-3-440

One Thousand Five Hundred Thirty Two & 12/100 Dollars

PAY
TO THE
ORDER OF

TECH FORM LLC
53 FLAT ROCK HILL RD
OLD LYME CT 06371

10/17/06  E3815  T3830  P22  0332833428

DATE
10/05/2006

AMOUNT
US$ 1,532.12

VOID AFTER 180 DAYS

⑈099117⑈ ⑆044000037⑆ ⑈4257233B0⑈ ⑆0000153212⑆

084 5221385
0410-0001-4
101.72006
ENT=0480  TRC=0087  PK=04
10172006
0111-0048-1
ENT=3815  TRC=3830  PK=22
0332833428

COPY

**ZED INDUSTRIES, INC.**
P.O. BOX 458
VANDALIA, OHIO 45377

JPMORGAN CHASE BANK, N.A.
COLUMBUS, OHIO 43271
25-3-440

PAY

TO THE
ORDER OF

Seventeen Thousand Eighteen & 65/100 Dollars

| DATE | AMOUNT |
|------|--------|
| 10/12/2006 | US$ 17,018.65 |

TECH FORM LLC
53 FLAT ROCK HILL RD
OLD LYME  CT 06371

VOID AFTER 180 DAYS

⑆099186⑆ ⑆044000037⑆ 725723380⑆ ⑆00170186 5⑆

COPY

99430

**ZED INDUSTRIES, INC.**
P.O. BOX 488
VANDALIA, OHIO 45377

JPMORGAN CHASE BANK, N.A.
COLUMBUS, OHIO 43271
25-8-440

11/22/06  23708  T3708 P25  0530143011

PAY
TO THE
ORDER OF

Twenty Thousand One Hundred Sixteen & 34/100 Dollars

DATE
11/09/2006

AMOUNT
US$ 20,116.34

TEOH FORM LLC
53 FLAT ROCK HILL RD
OLD LYME  CT 06371

VOID AFTER 180 DAYS

⑈099430⑈ ⑆044000037⑆          925723380          ⑈000 2011631⑈

JPMORGAN CHASE BANK, NA
074909962
11/22/06

0115757074
0530143011

## **CERTIFICATION OF SERVICE**

This is to certify that on the 16th day of March, 2007, the undersigned did cause to be sent, via U.S. Mail, postage prepaid, a copy of foregoing to:

R. Bradley Wolfe, Esq.
William J. Gallito, Esq.
Gordon, Muir & Foley, LLP
Ten Columbus Blvd.
Hartford, CT 06106

PAUL N. GILMORE, ESQ.
*Updike, Kelly & Spellacy, P.C.*

455678