UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Hartford)

---------------------------------------
THE CADLE COMPANY,             :           CIVIL ACTION NO.
    Plaintiff                           :           3:02-CV-30 (TPS)
                                            :
v.                                              :
                                            :
DOUGLAS WHITE and              :
ROSALIE A. WHITE,              :
    Defendants                       :           April 23, 2007
                                            :
---------------------------------------

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION OBJECTING TO PLAINTIFF'S MOTION TO OPEN AND MODIFY JUDGMENT

The Defendant, Douglas White has been a manufacturer's representative for a period of time in excess of thirty (30) years. As a manufacturer's representative, he sells machines for the companies that he represents and also may service the machines. The service which he provides is done primarily as part of the sale of the machines although in some instances he does receive compensation.

Douglas White is paid commissions by the manufacturers. All expenses that he incurs are his obligations and must be paid out of the commissions. The commission is earned only

after the sale has taken place and the manufacturer has received full payment. If, in fact, the manufacturer receives only part payment, no commission is paid to Douglas White.

On or about June 12, 2006, Douglas White formed a limited liability company under the laws of the State of Connecticut, Tech Form, LLC, ("Tech Form") for purposes of operating his business as a manufacturer's representative. He did so after discussions with his attorney and solely for business purposes. The rationale and support for the Defendant operating its business as an LLC can be found in a case cited in Plaintiff's brief in support of his Application For A Charging Order, PB Real Estate, Inc. v. Dem II Properties, et al, 50 Conn. App. 741, 742 where the court said. "The allure of the limited liability company is its unique ability to bring together in a single business organization the best features of all other business forms – properly structured, its owners obtain both a corporate-styled liability shield and the pass-through tax benefits of a partnership." This sets forth the reasons the Defendant, Douglas White chose to operate as a limited liability company.

Tech Form was formed in Connecticut; Douglas White is the sole member/manager of Tech Form; Douglas White is the sole employee of Tech Form; Douglas White is the Agent of Service for Tech Form; Douglas White is the only person authorized to sign checks and the office of Tech Form is located in the residence of Douglas White. The formation of Tech Form as a limited liability company and the relationship of Douglas White to Tech Form is a matter of public record in the State of Connecticut. There was never an intent of any kind to

affect the existing judgment by the election of Douglas White to operate as a limited liability company

In its March 21, 2006 ruling, the Court entered the following injunctive relief:

Defendant Douglas White is permanently enjoined from depositing any cash, check, or other form of remuneration into any account in which he is not an owner or joint owner. It should be made clear to the defendant that continuing to deposit commission checks into his wife's account will be a direct violation of a court order. Likewise, Lee White is permanently enjoined from accepting any cash, check or other funds from Douglass White for the purpose of depositing the funds into any account in which Douglas White is not at least a joint owner.

Memo. Of Decision (3/21/06)

Douglas White is the sole owner of Tech Form. Douglas White is the sole employee and all monies earned are deposited into the bank account of Tech Form. Rosalie White has no interest of any kind in Tech Form or its bank account. No monies have been transferred from Tech Form to Rosalie White.

## **LAW**

It would appear that the Plaintiff is proceeding under Fed.R.Civ.P.60(b)(5) as the authority for its Motion to Open and Modify the Judgment.[1]

---

[1] Plaintiff's Memorandum of Law in Support of Motion to Open and Modify the Judgment...page 7

3

The general rule is that money judgments may not be set aside or reopened under Rule 60(b)(5) because money judgments have no prospective application. <u>Stokers S.A. vs Morrison,</u> 147 f.3d, 759,762-763 (8 Circuit 1998).

While in our case, the money judgment did provide the Plaintiff with some injunctive relief, the Plaintiff has failed to show that the Defendants have violated the terms of the injunction.

The Plaintiffs admit, on page 2 of its Memorandum of Law in Support of its Motion to Open and Modify the Judgment, that the Defendant, Douglas White, has not violated the letter of the injunction entered against him.

The Plaintiff appears to claim that the Defendant, Douglas White, violated additional remedial relief which the Plaintiff previously requested of this court and was denied. The relief he sought was that the Defendant, Douglas White, be prohibited from assigning his right to payment. Tech Form, LLC is solely owned by Douglas White. The Defendant, Douglas White, has made no assignment and has not taken any money and put the same out of reach of creditors, including the Plaintiff.[2]

---

[2] It is the Defendant's contention that if the Plaintiff has had a problem with garnishment, it more relates to the method in which a manufacturer's representative receives his compensation then to the manner in which the Defendant operates his business.

The Plaintiff, in its Memorandum of Law, is seeking additional remedial relief as set forth on pages 4, 5, and 6 of its brief. If said additional remedial relief should be granted, the effect would be to put Tech Form and Douglas White out of business.

Douglas White is 70 years old, has prostate cancer which recently has spread into his bones; is a patient of Dr. Susan Slovin at Memorial Sloane Kittery Cancer Center in New York; is required to undergo examinations every three months at the Cancer Center; is on medication including Nilandron and Leuprolide Acetate and has substantial medical expenses with regard to this treatment.

The Defendant has no retirement other than social security and works because he is required to do so in order to provide support for himself and his family. The substantial portion of his income is the commission checks he receives as a manufacturer's representative. This is a gross amount from which he has to pay his business and living expenses. If the additional remedial relief sought by the Plaintiff is granted, this would prevent the Defendant from paying his business expenses and from having any earnings to provide for his own support. The remedies that the Defendant is seeking are over and above any relief to which he is legally entitled.

The Plaintiff has simultaneously with his filing of his Motion to Open and Modify the Judgment, also filed an Application For Charging Order. In his Application for Charging Order, the Plaintiff relies to a great extent on the case of PB Real Estate, Inc. v. Dem II

Properties, et al, 50 Conn. App. 741 (1998). In that case, the creditor was going against the limited liability company, a law firm which was owned by two attorneys who were also debtors of the creditor. The substance of the decision is that the creditors could get at the distributions to which the debtor members of the LLC were entitled after the appropriate business expenses, including salaries paid to other members of the law firm and a reasonable salary for both debtors.

If this court is going to rule in favor of the Plaintiff's motion, the Defendant, Douglas White, would not object to a similar order being entered in this case. That is, the Plaintiff would be entitled to any distributions to which the Defendant, Douglas White was entitled after Tech Form paid all its appropriate business expenses and provided for a reasonable salary for Douglas White.

Respectfully submitted this 23rd day of April, 2007.

> The Defendants
> Douglas White and Rosalie White
>
> By _____
> C. George Kanabis, Esq.
> Fed. Bar No. CT 10795
> KANABIS & HOULE
> 320 State Street
> PO Box 2022
> New London, CT 06320
> Tel: (860) 442-8506
> Fax: (860) 442-6611

## **CERTIFICATION OF SERVICE**

      I certify that a copy of the foregoing has been mailed on this the 23rd day of April, 2007, postage prepaid to:

Paul N. Gilmore, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
PO Box 231277
Hartford, CT  06123-1277

By _____
C. George Kanabis

7